# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANDY DUGUE,<br>*Defendant*. | No. 3:16-cr-00100 (JAM) |

## ORDER CONVERTING MOTION FOR EXTENSION OF TIME TO MOTION FOR POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255

On August 9, 2016, defendant Frandy Dugue entered a plea of guilty to a charge of interstate wire fraud. His plea agreement stipulated to his involvement with $6,404 of loss. On July 14, 2017, he was sentenced to a term of 100 days of imprisonment, three years of supervised release, and ordered to pay restitution of $10,000. The judgment of the Court was entered on July 19, 2017. The judgment became final on August 2, 2017, upon the expiration of time for defendant to file a notice of appeal. On August 6, 2018, defendant filed a motion for extension of time of 30 days to file a motion for post-conviction relief under 28 U.S.C. § 2255.

Ordinarily, a court may not consider the timeliness of a § 2255 motion until such time as the motion is actually filed with the court. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (*per curiam*). "[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." *Green v. United States*, 260 F.3d 78, 82–83 (2d Cir. 2001).

Because *pro se* litigants are entitled to liberal construction of their pleadings, the Second Circuit has concluded that a district court should construe a *pro se* motion for extension of time

1

as a substantive motion for post-conviction relief under § 2255 so long as the motion contains allegations sufficient to support a claim for relief under § 2255. *See Green*, 260 F.3d at 83.

Defendant's *pro se* motion for extension of time alleges that an Immigration Judge has ordered him removed from the United States on the grounds that the loss amount stemming from his crime exceeded $20,000. Doc. #432 at 1 (¶ 2); *see also* 8 U.S.C. § 1101(43)(M)(i) (defining a removable "aggravated felony" offense to include an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000"). Defendant further alleges that his criminal defense counsel "specifically told him that he stipulated to a loss of $6404.000 so that he would not be deported." *Ibid.* (¶ 3).

Construing the allegations of defendant's motion liberally, they are sufficient on their face to state a potential claim for § 2255 relief on the grounds that defendant's guilty plea was not knowing and voluntary and that defendant was denied effective assistance of counsel. The Court makes no conclusion that these allegations have merit but concludes merely that they suffice at this time to state possible grounds for relief such that defendant's motion for extension of time should be converted to a § 2255 motion for post-conviction relief.[*] Additionally, because the motion is dated and signed August 2, 2018, the motion may have been timely filed on the last day of the one-year limitation period pursuant to the "prison mailbox rule." *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

Accordingly, the Court converts defendant's motion for extension of time to a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. It is hereby ordered that the Clerk of Court

---

[*] Defendant's plea agreement advised him of the potential adverse immigration consequences and states in relevant part that "the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status," and "[t]he defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States." Doc. #100 at 6-7.

2

shall open a separate civil case and file defendant's motion for extension of time as a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The Clerk shall mail a copy of this order, the civil docket sheet, and the instructions for filing a § 2255 motion to defendant. Defendant shall file an amended motion by September 2, 2018, that sets forth all facts and legal grounds that he believes warrant a grant of post-conviction relief. This order is without prejudice to the Government asserting any defense to defendant's claim for relief.

    It is so ordered.

    Dated at New Haven this 20th day of August 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge